# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAQUEL RANGEL,

    Plaintiff,

vs.                                                 CIV. No. 01-1109 JC/DJS

SAMUEL SMITH, MARIO LOVANO,
THERESA McDOWELL, BETTY JUDD,
JERRY SMITH, and BILL SNODGRASS,
in their individual capacities, and
CORRECTIONS CORPORATION OF
AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendants' Theresa McDowell, Betty Judd, Jerry Smith, Bill Snodgrass, Lobrato Luevano (A.K.A. "Mario Lovano"), and Corrections Corporation of America Motion to Dismiss Count IV of Plaintiff's Complaint, filed December 20, 2001 (*Doc. 9)*. Having reviewed the motion, the memoranda, and the relevant authorities the Court finds the motion well taken and it is, therefore, granted.

**I.    Background**

Plaintiff, Raquel Rangel, was an inmate at the New Mexico Women's Correctional Facility (the "Grants facility") in Grants, New Mexico from September 2000 to December 2000. Corrections Corporation of America runs the Grants facility. On or about September 22, 2000, Plaintiff claims that while she was sleeping in her assigned quarters Defendant Samuel Smith entered her unit and made sexual demands of Plaintiff, including ordering her to take off her clothes, dance naked, and

masturbate with a banana. Upon Plaintiff's refusal, she contends that Defendant Smith threatened that he would report her for misconduct if she did not take off her clothes and show him her breasts. Due to the alleged threat, Plaintiff states that she took off her shirt and allowed him to rub her breasts and put his hands down her underwear. Plaintiff asserts that while Defendant Smith allegedly did these acts, Defendant Luevano kept watch for him.

Plaintiff claims that she reported the incident to a female corrections officer who failed to respond to the complaint. Then on or about October 18, 2000 through December 5, 2000, Defendants placed Plaintiff in disciplinary segregation presumably due to her allegations against Defendant Smith.

Plaintiff brings this action under 42 U.S.C. §1983, the First and Eighth Amendments, the Fair Housing Act, 42 U.S.C. §§3601 et seq. ("FHA"), and state tort law and negligence claims. The issue in this motion concerns Plaintiff's FHA claim.

## II.    Standard of review

The court may not dismiss a cause of action for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *See Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *See Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.     Discussion**

Plaintiff asserts that her claim against Defendants falls under the ambit of the FHA. The Act prohibits discrimination against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §3604(b). A dwelling is "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as a residency by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. §3602(b) (1988). Although the FHA does not define "residence," in *United States v. Hughes Memorial Home*, the court defined "residence" as a "temporary or permanent dwelling place, abode or habitation to which one intends to return as distinguished from the place of temporary sojourn or transient visit." 396 F. Supp. 544, 549 (W.D. Va. 1975). In the present case, Plaintiff fails to demonstrate that the Grants facility is a residence, as her logic is flawed and unpersuasive.

Plaintiff first attempts to prove that the Grants facility is a dwelling within the meaning of the FHA by showing that the inmates are not transient but instead reside there "for a period of time longer than a sojourn or visit." *See* Plaintiff's Response to Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Pl's Response), filed December 12, 2001, 3 (*Doc. 11*). As support for her argument, Plaintiff looks to various cases in which the court has determined a place to be a dwelling under the FHA. *See* Pl's Response at 5-6 (citing *City of Edmonds v. Oxford Housing, Inc.*, 514 U.S. 725 (1995) ( FHA applies to a group home for adult recovering alcoholics); *Hughes Memorial Home*, 396 F. Supp. at 553 (a home for needy children falls under the FHA although the home was not intended as a permanent residence); *Hernandez v. Ever Fresh Co.*, 923 F. Supp. 1305

3

(D.Or. 1996)(the FHA is applicable to a temporary farm worker camp); *Baxter v. City of Belleville, Ill.*, 720 F. Supp. 720 (S.D. Ill 1989)(an office building remodeled into a facility for AIDS victims falls under the FHA); *Woods v. Foster*, 884 F. Supp. 1169 (N.D. Ill. 1995)(a shelter for homeless and battered women and their families is a dwelling); *Hovsons, Inc., v. Township of Brick*, 89 F.3d 1096 (3rd Cir. 1996)(a nursing home is a dwelling); *Lauer Farms, Inc. v. Waushara County Bd. of Adjustment,* 986 F. Supp. 544 (E.D. Wis. 1997) (trailers housing migrant farm workers are dwellings under the FHA)).

Plaintiff cites to these cases as support for her argument, yet she fails to discern the true difference between her case and that of the others. In each of the above-cited cases, the persons were not sent to the dwellings by the government and mandated to remain as punishment for unlawful acts. In other words, although their ability to choose may have been meager, the fact that such an ability existed is a key differentiating factor between the cited cases and Plaintiff's case.

Plaintiff next asserts that an intent to return inquiry is misplaced, for although courts generally have accepted "a definition of residence to include intent to return as a factor, in practice many courts" ignore it when determining what constitutes a structure under the FHA. *See* Pl's Response at 7. Yet this argument also fails, as Plaintiff's own referenced cases demonstrate. *See* Pl's Response at 6-7 (*citing Woods*, 884 F. Supp. at 1173-74 ("although the [s]helter is not designed to be a place of permanent residence, it cannot be said that the people who live there do not intend to return – they have nowhere else to go."); *Lauer*, 986 F. Supp. at 559 (even if they [migrant farm workers] had other structures in which they resided for the remaining portion of the year, that does not mean that the structures at the migrant worker camp were not places that they would 'return to.'"); *United States v. Columbus Country Club*, 915 F.2d 877, 881 (3rd Cir. 1990) (holding that the central inquiry

4

regarding whether a summer bungalow is a residence is whether members intended them to be places in which to return.)). As evidenced by these cases, courts not only theoretically have adopted an intent to return inquiry, but they have also adopted it in practice. It is, therefore, Plaintiff who is misplaced in her contention that such an inquiry is in error.

Moreover, although Plaintiff challenges three New Mexico District Court rulings on point, these rulings also rely on the intent to return and intent to stay inquiries as key factors in determining that a detention facility is not a dwelling under the FHA. *See Garcia v. Condarco*, 114 F. Supp.2d 1158 (D.N.M. 2000) (holding that a common sense definition of "dwelling" includes an intent to return); *Machacek v. Bustamante*, Civ. No. 99-1082 (D.N.M., filed May 3, 2000) (holding that the Bernalillo County Detention Center does not fall within the FHA's meaning of a "dwelling" and adopting the intent to stay inquiry); and *Gold v. Griego*, No. CIV 99-1137 (D.N.M., filed Feb. 22, 2000) (holding that the San Miguel County Detention Center is not a dwelling under the FHA and stressing the intent to stay requirement). In reviewing the relevant case law, this Court finds no justification for deviating from this district's conclusion that prison facilities do not fall under the rubric of the FHA's intended definition of dwelling. Due to the multiple cases using the intent to return and intent to stay elements, it is not the New Mexico District Court's reasoning that is flawed; rather, it is Plaintiff's.

**IV.     Conclusion**

Plaintiff's attempt to argue that the Grant's facility falls under the definition of a "dwelling" for purposes of the FHA is flawed for several reasons. First, unlike the cases to which she cited, inmates, due to their prior decisions, are not given a choice whether to enter the facility or not. Second, these inmates, because they are mandated to remain at the detention facility, cannot have an

5

intent to stay as can the other plaintiffs.

The Grants facility thus is not a dwelling for purposes of the FHA, for prisoners who are housed there, including Plaintiff, are not free to come and go. As such Defendant's motion to dismiss is granted, for Plaintiff cannot establish her *prima facie* case that the Grant's facility is a dwelling under the FHA.

Wherefore,

IT IS ORDERED that Defendants' Theresa McDowell, Betty Judd, Jerry Smith, Bill Snodgrass, Lobrato Luevano, and Corrections Corporation of America Motion to Dismiss Count IV of Plaintiff's Complaint, filed December 20, 2001 (*Doc. 9)* is GRANTED.

Dated April 2, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Mary Han, Esq.
    Kennedy & Han, P.C.
    Albuquerque, New Mexico

Attorney for Defendants:

    Gail Gottlieb, Esq.
    Sutin, Thayer & Brown, P.C.
    Albuquerque, New Mexico